Case 3:06-cv-00082-TMB   Document 18   Filed 04/25/2007   Page 1 of 5

William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys Wal-Mart Stores, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAMELA ESTES,<br><br>        Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case 3:06-cv-00082-TMB<br>) |

**MOTION IN LIMINE RE PLAINTIFF'S WAGE LOSS**

      Plaintiff Pamela Estes suffered a lower back injury in 2001 resulting in surgery to her lower back in June 2004. she did not work at her job at Fred Meyer or have any other employment from mid 2003 to date.

      On November 26, 2004, Ms. Estes slipped on a coat hanger at defendant Wal-Mart's store, possibly causing a muscular aggravation in her back, but not disturbing any of

her discs or the site of surgery. On January 13, 2005, her position was no longer held open at Fred Meyer due to more than 12 months without returning to work.

Plaintiff Pamela Estes speculates that due to the muscular aggravation in her back her physical therapy from her back surgery was delayed, causing her to lose her job at Fred Meyer. This is not only contrary to the records of Fred Meyer that indicate that her position was to be terminated, but is also contrary to the medical facts in this case.

I.   Background

Plaintiff is 53-years-old. In 2001 she suffered a work related lower back injury at Fred Meyer. See Exhibit A. She stopped working in 2003 other than a temporary return to light duty work. See Exhibit B. On May 24, 2004, she received a disc fusion at the L5-S1 level in her lower back. See Exhibit C. On November 10, 2004, Ms. Estes began a eight to twelve week physical therapy program. See Exhibit D.

On November 26, Ms. Estes was in the Dimond Wal-Mart store when she slipped on a hanger and fell. She did not seek immediate medical attention. See Exhibit E. Ms. Estes completed physical therapy on November 17 and 18, but did not return. By December 15, 2004, she had started physical

therapy again in the pool. See Exhibit F. On December 21, 2004, she was seen by an orthopedic physician for the first time since the slip and fall, and he found the fall did not exacerbate her fusion. See Exhibit G.

Not only was Ms. Estes' treatment complicated by the holidays, but also by the fact that her husband had surgery and her step-mother died. See Exhibit H. Throughout this time, despite that physical therapy had been prescribed several times since the accident, she had not followed through on her physical therapy. See Exhibit I. Ms. Estes' position at Fred Meyer was terminated on January 13, 2005. See Exhibit J. As explained in the letter, this was due to 12 continuous months without returning to work. Id. Apparently, Ms. Estes inquired later as to why her position was terminated and whether it had any relationship to her accident at Wal-Mart. Fred Meyer again reiterated that she lost her position because of one year without returning to work and not because of the incident at Wal-Mart. See Exhibit K.

Ms. Estes is claiming in this case that she lost out on past and future wages because of the termination of her position at Fred Meyer's due to the accident at Wal-Mart. Her theory is that because of the accident at Wal-Mart, her

physical therapy was delayed five months causing her position to be terminated at Fred Meyer. She has no basis for this opinion other than sheer speculation.

II. Law

This case was removed to Federal Court on diversity grounds, and state law applies on substantive issues of law. Under Alaska law, the law does not permit recovery of damages which are merely speculative or conjectural. Chenega Corp. v. Exxon, 991 P.2d 769, 799 (Alaska 1999); see also, Transamerica Title Insurance Company v. Ramsey, 507 P.2d 492 (Alaska 1973). In order to proceed to claim lost wages, plaintiff needs to provide something other than her own pure conjecture. World Com., Inc. v. Boyne, 68 F. Appx. 447 (Cal, 2003). For that reason, her claim for past and future lost wages should be dismissed.

DATED this 25th day of April, 2007, at Anchorage, Alaska.

>                RICHMOND & QUINN
>                Attorneys for Defendant
>
>      By:       s/ William A. Earnhart
>                RICHMOND & QUINN, PC
>                360 "K" Street, Suite 200
>                Anchorage, Alaska 99501
>                Ph: (907) 276-5727
>                Fax: (907) 276-2953
>                wearnhart@richmondquinn.com
>                Alaska Bar No. 9411099

**MOTION IN LIMINE RE PLAINTIFF'S WAGE LOSS**
ESTES v. WAL-MART STORES, CASE NO. 3:06-CV-00082-TMB
PAGE 4 OF 5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 25th day of April, 2007 to:

Joe P. Josephson
Josephson & Associates
912 W. 6th Avenue
Anchorage, Alaska 99501


　　　/s/ William A. Earnhart
　　　RICHMOND & QUINN


2245\002\PLD\WAGE LOSS

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953