William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys Wal-Mart Stores, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAMELA ESTES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| WAL-MART STORES, INC., | ) ) |
| Defendant. | ) Case 3:06-cv-00082-TMB ) |

**JOINT PROPOSED FINAL PRETRIAL ORDER**

The following was drafted by defendant and forwarded to plaintiff's counsel for review on April 13, 2007. Two phone messages were left at Mr. Josephson's office, but he has not responded.

This case arises out of a slip and fall, plaintiff stepped and slipped on a clear plastic hanger on the floor at the Wal-Mart Dimond store. Plaintiff alleges negligence and

defendant has raised the affirmative defenses of comparative negligence and mitigation of damages.

    A.    The parties are in agreement that there is a duty for landowners to take reasonable measures to avoid the unreasonable risk if harm, but disagree as to whether this duty was breached. Similarly, plaintiff had a duty to avoid dangers that could reasonably be avoided. The parties disagree as to whether she breached this duty.

    Plaintiff claims personal injuries that resulted in lost wages. Defendant disputes injury and causation on both accounts.

    Defendant has the burden to show that plaintiff could have reduced her claimed damages if she had the ability to do so without undue hardship or embarrassment.

    B.    Plaintiff has requested "lost wages to age 65, annual bonus, sick pay, medical benefits, 401(k) loss, future economic damages, life insurance loss, pain and suffering." Plaintiff has made no claim for past medical bills.

    C.    It is undisputed the plaintiff Pamela Estes was shopping with her aunt Linda Estes in Wal-Mart Store 2071 on November 26, 2004. It is also undisputed that Linda Estes was paying for her purchases at the time that Pamela Estes stepped

on a clear plastic hanger, slipping and falling to the floor. Ms. Estes was observed getting up by Wal-Mart employees Mercedes Lue and Karen Bell. Ms. Estes refused assistance and exited the store. Her husband filed a claim with the store within 24 hours.

Plaintiff had been on light duty and off work from Fred Meyer's, Inc. since 2002 due to a work related lower back injury. Five months prior to the accident which is the subject of this lawsuit, Ms. Estes had undergone lower back disc surgery. Two weeks prior to the accident she began physical therapy which she discontinued after the accident until March 2005. Also in December 2004, plaintiff's stepmother and half sister died under separate circumstances.

D. The jury will have to decide whether Wal-Mart was negligent in the maintenance of its premises and if so whether plaintiff shares any comparative negligence. The jury will also have to decide if it finds that Wal-Mart was negligent and whether plaintiff's loss of her job at Fred Meyer was reasonably related to the accident in question.

E. Exhibit List - see Exhibit A

F. Witness List - see Exhibit B

DATED this 25th day of April, 2007, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendant

By: _____s/ William A. Earnhart_____
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph: (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com
Alaska Bar No. 9411099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 25th day of April, 2007 to:

Joe P. Josephson
Josephson & Associates
912 W. 6th Avenue
Anchorage, Alaska 99501

_____/s/ William A. Earnhart_____
RICHMOND & QUINN

2245\002\PLD\JOINT PROPOSED FINAL PRETRIAL ORDER

**JOINT PROPOSED FINAL PRETRIAL ORDER**
ESTES v. WAL-MART STORES, CASE NO. 3:06-CV-00082-TMB
PAGE 4 OF 4