UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| **PAMELA ESTES** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 3:06-cv-0082 TMB |
| vs. | ) | O R D E R |
| | ) | |
| **WAL-MART STORES, INC** | ) | Request for Settlement Conference |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

    One or more of the parties to this case have requested a settlement conference.  In preparation for the scheduling of a settlement conference before the Honorable Deborah M. Smith, each party shall on or before May 14, 2007, lodge with the chambers of Judge Smith, under seal, a settlement conference memorandum in conformity with the attached appendix. Counsel are instructed to lodge **only** the original memorandum with the settlement conference judge.  The settlement conference judge will undertake a preliminary review of the settlement conference memoranda.  A settlement conference is scheduled for May 22, 2007 at 2:00 p.m. before Judge Smith in her chambers.

    A party's settlement memorandum may not be disclosed to anyone without the party's consent and is not admissible in evidence.

    At the conference resulting from this order, all counsel shall appear with full authority to settle all issues of this litigation; and, if such is impossible to obtain, counsel shall have their clients, with full settlement authority, available in person or by telephone at the time of the settlement conference.

**IT IS FURTHER ORDERED**:

1. That no later than seven days prior to the settlement conference date, counsel confer with each other and their clients regarding the status of possible settlement;

2. Good faith negotiations, either in person or by electronic media, are expected to occur at this time;

3. If no settlement is achieved, counsel will be expected to report to the settlement judge at time of the conference the status of negotiations;

4. As provided in paragraph 1, it is expected that plaintiff's counsel will initiate the settlement negotiations;

5. The court will not consider plaintiff's initiation of negotiations as an indication of weakness in the plaintiff's position.

DATED at Anchorage, Alaska, this 9th of May, 2007.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT COURT

## APPENDIX

(1)     Each counsel shall lodge, under seal, with the Chambers of Judge Smith, a brief informal statement of his client's position regarding settlement.  The strengths and weaknesses of one's position must be candidly disclosed and appraised.

(2)     The statement required by paragraph (1) may not exceed twenty (20) pages (including attachments), double spaced on standard 8-1/2" x 11" paper.

(3)     If plaintiff seeks monetary damages, a specific present reasonable dollar figure requested by plaintiff must be set forth.  If plaintiff is unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons that no such figure can be included.

(4)     Defendant must set forth its present reasonable dollar figure offer.  Likewise, if defendant is unable to set forth such figure, the purpose of which is to aid the settlement judge in evaluating the case, a convincing statement must be included, stating the reasons no such figure can be included.