IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
_____
PAMELA ESTES,              )
                           )
     Plaintiff,            )
                           )
     v.                    )
                           )
WAL MART,                  )    Case No. 3:06-cv-00082-TMB
                           )
     Defendant.            )
_____)
```

**PROPOSED JURY INSTRUCTIONS FOR PLAINTIFF ESTES**

Submitted by:

/s/ Joe P. Josephson
912 W 6th Ave
Anchorage AK 99501
Phone: 907-276-0151
Fax: 907-276-0155
E-mail: jjosephson@aol.com
Alaska Bar No. 6102018

**Certificate of Service**

I hereby certify that on 5/9/07, a copy of the foregoing proposed jury instructions for plaintiff Estes was served electronically on William Earnhart.

/s/ Joe P. Josephson

The plaintiff, Pamela Estes, claims that she was harmed because of the negligence of the defendant, Wal Mart, Inc., and she seeks compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

    1. That defendant was negligent;

    2. That its negligence was a legal cause of the Plaintiff's harm; and

    3. That the plaintiff was actually harmed.

I will later define negligence and legal cause for you.

Alaska Pattern Jury Instruction No. 3.01

JURY INSTRUCTION NO. \_\_\_\_

The defendant claims that the plaintiff's harm resulted, in whole or in part, from the plaintiff's own negligence.

In order to find that plaintiff was comparatively negligent, you must decide that it is more likely true than not true:

(1)  that the plaintiff was negligent; and

(2)  that the negligence was a legal cause of plaintiff's harm.

Instructions on the verdict form will tell you what to do if you decide that both the defendant and the plaintiff were negligent.

Alaska Pattern Jury Instruction No. 3.02

JURY INSTRUCTION NO. \_\_\_\_

I will now define negligence for you. Negligence is the failure to use reasonable care. Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances. Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do. A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.

In this case, you must decide whether the defendant used reasonable care under the circumstances.

Alaska Pattern Jury Instruction No. 3.03A

JURY INSTRUCTION NO. _____

I will now define "legal cause" for you. A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

(1)  the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

(2)  the harm would not have occurred but for the act or failure to act.

There is, however, one exception to the requirement that the harm would not have occurred but for the act, or failure to act, of the defendant. If two forces operated to cause the harm, one because of the defendant and the other not, and each force by itself was sufficient to cause the harm, then the defendant's act or failure to act is a cause of the harm if it was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it.

Alaska Pattern Jury Instruction No. 3.06

## JURY INSTRUCTION NO. _____

If you decide in favor of the plaintiff, you must then decide how much money, if any, will fairly compensate the plaintiff. I will list for you the items of loss claimed by the plaintiff. You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss. For each item of loss you must decide that it is more likely true than not true that:

1. the plaintiff had such a loss or is reasonably probable to have such a loss in the future, and

2. the loss was legally caused by the conduct of the defendant.

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate the plaintiff for that item of loss. If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss. You should add up any awards for all items and record the sum on your verdict form.

The items of loss claimed by the plaintiff all into four categories known as past economic losses, future economic losses, past non-

economic losses and future non-economic losses. Lost income is economic loss. Pain and suffering, loss of enjoyment of life, and inconvenience are known as non-economic losses.

    I will now explain how to measure each of these claimed items of loss.

Alaska Pattern Jury Instruction No. 20-01A

## JURY INSTRUCTION NO. _____

The first item of economic loss claimed by the plaintiff is the value of lost earnings, including salaries and benefits, lost by her from November 26, 2005, to the date of trial. To calculate this amount, you must deduct federal income taxes that would have been paid.

Alaska Pattern Jury Instr. No. 20.03

JURY INSTRUCTION NO. _____

The second item of economic loss claimed by the plaintiff is in the reduction of her ability to earn money in the future.

You may award the plaintiff a fair amount for any reduction in future ability to earn money that she is reasonably probable to experience.

To calculate this amount, you must determine the difference between the plaintiff's ability to earn money before the injury and her ability to earn money after the injury. To do this you may consider the plaintiff's health, physical and mental abilit9ies; her work habits and occupation before her fall; the nature and extent of her injuries; and how long and to what extent her injuries will affect her earning ability in the future. Your calculation of the plaintiff's ability to earn money before the injury must be based on the plaintiff's life expectancy before the injury occurred.

To decide the plaintiff's earning ability, both before and after the injury. You may consider the wages she earned before and after the injury and any reasonably probable increases in those wages due to promotions or automatic step increases. You must not make any

deduction for any future income taxes and you must not consider any pay increases due to increases in the cost of living.

Alaska Pattern Jury Inst. No. 20.04

JURY INSTRUCTION NO. _____

The third item of loss claimed by the plaintiff is for non-economic losses. You may award the plaintiff a fair amount to compensate the plaintiff for pain and suffering, loss of enjoyment of life, and inconvenience resulting from the injury. Such an award should fairly compensate the plaintiff for the non-economic losses she has experienced from the date of the injury until the date of trial and for non-economic losses that she is reasonably probable to experience in the future. In deciding how long the plaintiff may experience such losses in the future, you may need to consider her current life expectancy.

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses. You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

Alaska Pattern Jury Instruction No. 20-06

JURY INSTRUCTION NO. ____

As I have instructed you, you may decide it is reasonably probable that the plaintiff will have some future non-economic losses resulting from the accident. In fixing an amount for future non-economic losses, you must disregard the fact that any amount you award the plaintiff may be paid before the actual loss occurs. You must also disregard the fact that the value of money may change over time.

Alaska Pattern Jury Instruction No. 20-10

JURY INSTRUCTION NO. ____

In fixing the amount of compensation for some items of loss you may have to decide the life expectancy of the plaintiff, either as it was prior to the accident and what it is now after the accident. I will now explain how you are to do this.

You have available as evidence what is called a table of mortality. According to the table, the life expectancy of a female person aged 65 is (insert number from table) years. The table tells you the average life expectancy of persons of a particular age and sex. Many persons live longer and many die sooner than the average.

You should assume the figure in the table represents the probable life expectancy of the plaintiff unless there is other evidence such as her occupation, health, family history, habits, and other activities from which you can reasonably conclude that the plaintiff's life expectancy is longer or shorter than average.

Alaska Pattern Jury Instruction No. 20-13