William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys Wal-Mart Stores, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAMELA ESTES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| WAL-MART STORES, INC., | ) ) |
| Defendant. | ) Case 3:06-cv-00082-TMB ) |

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS,</u>**
**<u>STATEMENT OF THE CASE AND SPECIAL VERDICT FORM</u>**

RICHMOND & QUINN
Attorneys for Defendant

Dated: 5/9/07         By:   ___s/ William A. Earnhart___
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com
Alaska Bar No. 9411099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 9th day of May, 2007 to:

Joe P. Josephson
Josephson & Associates
912 W. 6th Avenue
Anchorage, Alaska 99501


        /s/ William A. Earnhart
        RICHMOND & QUINN


2245\002\PLD\PROPOSED JURY INSTRUCTIONS

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## STATEMENT OF THE CASE

On November 26, 2004, plaintiff Pamela Estes, slipped on a clear clothes hanger in front of the cash registers at the Dimond Wal-Mart store. Ms. Estes claims that as a result of the fall she was injured, slowing her recovery from a prior back surgery and resulting in the termination of her employment at Fred Meyer. She is asking for medical expenses and past and future wage losses.

Wal-Mart denies fault in Ms. Estes' fall and disputes if she was injured in the fall and whether any such injury resulted in the termination of her employment with Fred Meyer.

Further, Wal-Mart argues that Ms. Estes has not taken adequate measures to secure employment since the fall.

JURY INSTRUCTION NO. \_\_\_\_\_

The plaintiff, Pamela Estes, claims that she was harmed because of the negligence of the defendant, Wal-Mart Stores, Inc., and wants compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

1. that defendant was negligent;

2. that the negligence was a legal cause of the plaintiff's harm; and

3. that the plaintiff was actually harmed.

I will later define negligence and legal cause for you.


Alaska Pattern Jury Instruction No. 3.01

JURY INSTRUCTION NO. \_\_\_\_\_

The defendant claims that the plaintiff's harm resulted, in whole or in part, from the plaintiff's own negligence.

In order to find that plaintiff was comparatively negligent, you must decide that it is more likely true than not true:

    (1)  that the plaintiff was negligent; and

    (2)  that the negligence was a legal cause of plaintiff's harm.

Instructions on the verdict form will tell you what to do if you decide that both the defendant and the plaintiff were negligent.

Alaska Pattern Jury Instruction No. 3.02

JURY INSTRUCTION NO. _____

    I will now define negligence for you. Negligence is the failure to use reasonable care. Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances. Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do. A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.

    In this case, you must decide whether the defendant used reasonable care under the circumstances.


Alaska Pattern Jury Instruction No. 3.03A

JURY INSTRUCTION NO. \_\_\_\_\_

I will now define "legal cause" for you. A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

    (1) the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

    (2) the harm would not have occurred but for the act or failure to act.

There is, however, one exception to the requirement that the harm would not have occurred but for the act, or failure to act, of the defendant. If two forces operated to cause the harm, one because of the defendant and the other not, and each force by itself was sufficient to cause the harm, then the defendant's act or failure to act is a cause of the harm if it was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it.

Alaska Pattern Jury Instruction No. 3.06