JURY INSTRUCTION NO. \_\_\_\_\_

If you decide in favor of the plaintiff, you must then decide how much money, if any, will fairly compensate the plaintiff. I will list for you the items of loss claimed by the plaintiff. You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss. For each item of loss you must decide that it is more likely true than not true that:

    1.  the plaintiff had such a loss or is reasonably probable to have such a loss in the future, and

    2.  the loss was legally caused by the conduct of the defendant.

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate the plaintiff for that item of loss. If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss. You should add up any awards for all items and record the sum on your verdict form.

The items of loss claimed by the plaintiff fall into four categories known as past economic losses, future economic losses, past non-economic losses and future non-economic losses. Medical expenses are known as economic losses. Pain and suffering, loss of enjoyment of life, and inconvenience are known as non-economic losses.

I will now explain how to measure each of these claimed items of loss.

Alaska Pattern Jury Instruction No. 20-01A

JURY INSTRUCTION NO. _____

The item of loss claimed by the plaintiff is for non-economic losses. You may award the plaintiff a fair amount to compensate the plaintiff for pain and suffering, loss of enjoyment of life, and inconvenience resulting from the injury. Such an award should fairly compensate the plaintiff for the non-economic losses she has experienced from the date of the injury until the date of trial and for non-economic losses that she is reasonably probable to experience in the future. In deciding how long the plaintiff may experience such losses in the future, you may need to consider her current life expectancy.

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses. You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

Alaska Pattern Jury Instruction No. 20-06

JURY INSTRUCTION NO. _____

<u>DUTY OF A LANDOWNER</u>

In Alaska, a landowner or owner of other property must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all of the circumstances including the likelihood of injury to others the seriousness of the risk of injury and the burden on the respective parties in avoiding risk.

<u>Webb v. City & Borough of Sitka</u>, 561 P.2d 731 (Alaska 1977)

JURY INSTRUCTION NO. \_\_\_\_\_

    The plaintiff is not entitled to be paid for any loss or for part of any loss she could have avoided with reasonable efforts and without undue risk, hardship or embarrassment, even though the loss originally resulted from an act or omission for which the defendant is legally responsible.  If you decide that it is more likely true than not true that plaintiff could have avoided any loss or part of any loss with reasonable efforts and without undue risk, hardship or embarrassment, you may not require the defendant to pay the amount plaintiff could have reasonably avoided.

    [In these instructions I have asked you to decide in two separate contexts whether the plaintiff's actions were reasonable and I want to make sure you understand the difference.  Earlier I told you how to decide whether the plaintiff's negligence with the negligence, if any, of the defendant.  Now I am asking you to decide whether after the loss occurred, the plaintiff failed to use reasonable efforts to minimize or avoid the loss.  If you decide she did, then you may not compensate for the loss which could have been reasonably avoided.]

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
PAMELA ESTES,                        )
                                     )
            Plaintiff,               )
                                     )
     v.                              )
                                     )
WAL-MART STORES, INC.,               )
                                     )
            Defendant.               )  Case 3:06-cv-00082-TMB
_____)
```

## SPECIAL VERDICT FORM

We, the jury in the above entitled case, find the following special verdict submitted to us in the above captioned case.

1.   Was defendant, Wal-Mart negligent in maintaining the concrete walkway wherein plaintiff, Pamela Estes?

Answer "yes" or "no." Answer: _____

If you answered the above question "no", do not answer any further questions. Your foreperson should date and sign this verdict form.

However, if you answered "yes" to question number one, please answer question number two.

2. Was the negligence of defendant, Wal-Mart, a legal cause of the injuries to plaintiff?

Answer "yes" or "no." Answer: _____

If you answered the above question "no", do not answer any further questions. Your foreperson should date and sign this verdict.

However, if you answered "yes" to question number two, please answer question number three.

3. What are the damages suffered by plaintiff, Pamela Estes, as a legal result of the accident?

    (a) Past Economic Damages    $_____

    (b) Past Non-Economic Damages    $_____
        Pain and Suffering, Loss of
        Enjoyment of Life, and
        Inconvenience

    (c) Future Economic Damages    $_____

    (d) Future Non-Economic Damages    $)_____
        Pain and Suffering, Loss of
        Enjoyment of Life, and
        Inconvenience

4. What percentage of comparative fault, if any, does plaintiff, Pamela Estes, share in this fall.

Answer:_____

**SPECIFIC VERDICT**
ESTES v. WAL-MART STORES, CASE NO. 3:06-CV-00082-TMB
PAGE 2 OF 2