Joe P. Josephson, Esq.,
Alaska Bar No. 6102018
Josephson & Associates, P. C.
912 West 6th Avenue
Anchorage, Alaska  99501
Ph.: (907) 276-0151
Fax: (907) 276=0155
jjosephson@aol.com.

Attorney for Pamela Estes

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAMELA ESTES,         )<br>                       )<br>    Plaintiff,      )<br>                       )<br>    V.                 )<br>                       )<br> WAL-MART STORES,      )<br> INC.,                 )<br>                       )<br>    Defendant.         )<br>_____) | Case No.3:06-cv-00082-TMB |

MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* RE PLAINTIFF'S WAGE LOSS

While denominated as a "motion in limine", the defendant's motion is clearly a motion for partial summary judgment.

That is made manifest by the last sentence of the motion at page 4:

"For that reason, (Estes's) **claim** for

>   past and future lost wages should be
>   **dismissed.**"

(**Emphasis** added).

The time within which a dispositive motion had to be brought has long gone by.  As the court's order of April 7, 2007, stated at page 4, paragraph (4),

>   "The time for the filing of disparities pre-
>   trial motions has passed. . .".

The so-called motion *in limine* is not only tardy; it is also without merit.

Wal-Mart contends that plaintiff Pamela Estes's claim for lost wages, including the loss of her job at Fred Meyer's, where she was a manager, is based upon "sheer speculation". Motion *in limine* at 4).  This contention is wrong.

Ms. Estes suffered a work-related injury at Fred Meyer's, and went off work on January 9, 2004.

Ms. Estes had surgery in 2005.  Because of her excellent employment record, Fred Meyer's kept her position open for her return.

Following surgery Ms. Estes underwent intensive physical therapy.  At the time of her fall at Wal-Mart, she was seeing her physical therapist three times a week.  Deposition of plaintiff, page 24, line 13.  Ms. Estes knew that she had to

return to work at Fred Meyers by a certain date,

> "(a)nd that's why I was excited when I was starting to get more aggressive in physical therapy -- prior to the injury at Wal-Mart.

*Id.,* page 32, line 25, to page 33, line 2.

She anticipated the resumption of her career-track management position at Fred Meyer's. An eligibility assessment report dated November 27, 2005[1], concluded that Ms. Estes was ready to return to her job at Fred Meyer's. Attachment No. 1.

But the fall at Wal-Mart set her back[2], and she was unable to report to work, with or without accommodation. Consequently, Fred Meyer's administratively terminated her employment on January 13, 2005, less than 60 days after her fall at Wal-Mart. Attachment No. 2.

This, then, is not a case of "sheer speculation". Moreover, an injured plaintiff is competent to testify about her injury. And the fact that a plaintiff was unemployed at the time of injury and thus had no earnings, is not necessarily a bar to the recovery for time lost, so long as the value of lost time is shown with reasonable certainty. *See, e.g., Bailey v. Amisub (Saint Joseph Hosp.), Inc.,* 489 N.W. 2d 323

---

[1] Based on data available before her fall at Wal-Mart.
[2] She estimated at her deposition that the Wal-Mart fall set her recovery back by about five months -- well after the anniversary of her on-the-job injury and the date of Fred Meyer's termination. Dep. at page 42, line 24-25, to page 43, line 1.

(Neb.App.1992).

As a general rule, any evidence is admissible that would assist the fact-finder in determining the plaintiff's earning capacity before the injury and the potential decrease in that capacity after the injury. The law simply requires that the plaintiff introduce evidence that will establish, to a fair degree of probability, a basis for the assessment of damages. *Hawkes v. Casino Queen, Inc.*, 2003 WL 194961 (Ill.App.5h dist. 2003).

For the foregoing reasons, the motion *in limine* should be Denied.

DATED at Anchorage, Alaska, this 10th day of May, 2007.

/s/ Joe P. Josephson
Josephson & Associates, P. C.
912 West Sixth Avenue
Anchorage, Alaska  99501
Tel. (907) 276-0151
Fax: (907) 276-0155
E-mail: jjosephson@aol.com
Alaska Bar No. 6102018

Certificate of Service:
I hereby certify that on the 10th day of May, 2007, a copy of foregoing, "MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* RE PLAINTIFF'S WAGE LOSS" was served electronically on
William Earnhart

s/ Joe P. Josephson