William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys Wal-Mart Stores, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAMELA ESTES,          )<br>                       )<br>        Plaintiffs, )<br>                       )<br>   v.                  )<br>                       )<br>WAL-MART STORES, INC., )<br>                       )<br>        Defendant.     )<br>_____) | Case 3:06-cv-00082-TMB |

**REPLY TO OPPOSITION MOTION IN LIMINE RE PLAINTIFF'S WAGE LOSS**

Plaintiff's opposition demonstrates exactly why plaintiff's wage claim is mere speculation. Plaintiff's own subjective, unsupported speculation is that the fault of Wal-Mart slowed her physical therapy by five months. Although plaintiff is clearly qualified to testify as to whether she was in pain, she is not qualified to provide her own diagnosis and her own medical opinions as to her ability to continue

physical therapy, especially when directly contradicted by the records of her doctors and treating physical therapist.

Although the accident occurred on November 26, Ms. Estes continued her physical therapy at least through December 16, 2004, with the expectations that she would continue her treatment for at least 4 to 6 weeks. See Defendant's Exhibit F to Motion in Limine. She did not see a doctor regarding the Wal-Mart accident until almost a week later on December 21, 2004, where she was told to only take a week off of the physical therapy. See Defendant's Exhibit G to Motion in Limine.

All these records show that not only was Ms. Estes already disabled from work at the time of the accident, but was scheduled for physical therapy to continue well past the January 13, 2005 date when her employment at Fred Meyer was terminated. It also shows that here physical therapy was not delayed by the five months that she claims, but only for one week, if that. They also show in regard to her family situation and other surgeries that she had a number of reasons to be depressed and have difficulty in following through on her therapy. Plaintiff's own exhibits show she was not terminated because of the Wal-Mart incident. She was not

physically released to work on November 27, 2004. Plaintiff's Opposition at 3. This is one year after the accident. Even if we accept a five month delay in therapy because of the fall at Wal-Mart, she still would have been terminated.

In other words, they show no connection to the slip and fall at Wal-Mart and the termination of her employment at Fred Meyer. Nor do they explain the fact that she has not reapplied at Fred Meyer despite being eligible for rehire.

DATED this 11th day of May, 2007, at Anchorage, Alaska.

         RICHMOND & QUINN
         Attorneys for Defendant

       By:  s/ William A. Earnhart
          RICHMOND & QUINN, PC
          360 "K" Street, Suite 200
          Anchorage, Alaska 99501
          Ph: (907) 276-5727
          Fax: (907) 276-2953
          wearnhart@richmondquinn.com
          Alaska Bar No. 9411099

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

**REPLY TO OPPOSITION TO MOTION IN LIMINE RE PLAINTIFF'S WAGE LOSS**
ESTES v. WAL-MART STORES, CASE NO. 3:06-CV-00082-TMB
PAGE 3 OF 4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 11th day of May, 2007 to:

Joe P. Josephson
Josephson & Associates
912 W. 6th Avenue
Anchorage, Alaska 99501


    /s/ William A. Earnhart
    RICHMOND & QUINN


2245\002\PLD\WAGE LOSS REPLY BRIEF

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953