William A. Earnhart (ABA 9411099)
RICHMOND & QUINN, PC
360 "K" Street, Suite 200
Anchorage, Alaska 99501
Ph:  (907) 276-5727
Fax: (907) 276-2953
wearnhart@richmondquinn.com

Attorneys Wal-Mart Stores, Inc.


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PAMELA ESTES,                          )
                                       )
              Plaintiff,               )
                                       )
     v.                                )
                                       )
WAL-MART STORES, INC.,                 )
                                       )
              Defendant.               )   Case 3:06-cv-00082-TMB
                                       )

**JOINT PROPOSED SUBSTANTIVE JURY INSTRUCTIONS,**
**STATEMENT OF THE CASE AND SPECIAL VERDICT FORM**


                           RICHMOND & QUINN
                           Attorneys for Defendant


Dated:  6/1/07      By:  ____ s/ William A. Earnhart ____
                           RICHMOND & QUINN, PC
                           360 "K" Street, Suite 200
                           Anchorage, Alaska 99501
                           Ph:  (907) 276-5727
                           Fax: (907) 276-2953
                           wearnhart@richmondquinn.com
                           Alaska Bar No. 9411099

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this 1st day of June, 2007 to:

Joe P. Josephson
Josephson & Associates
912 W. 6th Avenue
Anchorage, Alaska 99501


/s/ William A. Earnhart
RICHMOND & QUINN


2245\002\PLD\PROPOSED JURY INSTRUCTIONS

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

## STATEMENT OF THE CASE

On November 26, 2004, plaintiff Pamela Estes, slipped on a clear clothes hanger in front of the cash registers at the Dimond Wal-Mart store. Ms. Estes claims that as a result of the fall she was injured, slowing her recovery from a prior back surgery and resulting in the termination of her employment at Fred Meyer. She is asking for medical expenses and past and future wage losses.

Wal-Mart denies fault in Ms. Estes' fall and disputes if she was injured in the fall and whether any such injury resulted in the termination of her employment with Fred Meyer.

Further, Wal-Mart argues that Ms. Estes has not taken adequate measures to secure employment since the fall.

**JURY INSTRUCTION NO. _____**

The plaintiff, Pamela Estes, claims that she was harmed because of the negligence of the defendant, Wal-Mart Stores, Inc., and wants compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

      1.   that defendant was negligent;

      2.   that the negligence was a legal cause of the plaintiff's harm; and

      3.   that the plaintiff was actually harmed.

I will later define negligence and legal cause for you.

Alaska Pattern Jury Instruction No. 3.01

**JURY INSTRUCTION NO. _____**

The defendant claims that the plaintiff's harm resulted, in whole or in part, from the plaintiff's own negligence.

In order to find that plaintiff was comparatively negligent, you must decide that it is more likely true than not true:

(1)  that the plaintiff was negligent; and

(2)  that the negligence was a legal cause of plaintiff's harm.

Instructions on the verdict form will tell you what to do if you decide that both the defendant and the plaintiff were negligent.

Alaska Pattern Jury Instruction No. 3.02

## JURY INSTRUCTION NO. _____

I will now define negligence for you. Negligence is the failure to use reasonable care. Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances. Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do. A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.

In this case, you must decide whether the defendant used reasonable care under the circumstances.

Alaska Pattern Jury Instruction No. 3.03A

## JURY INSTRUCTION NO. _____

I will now define "legal cause" for you. A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

> (1) the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and
>
> (2) the harm would not have occurred but for the act or failure to act.

There is, however, one exception to the requirement that the harm would not have occurred but for the act, or failure to act, of the defendant. If two forces operated to cause the harm, one because of the defendant and the other not, and each force by itself was sufficient to cause the harm, then the defendant's act or failure to act is a cause of the harm if it was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it.

Alaska Pattern Jury Instruction No. 3.06

## JURY INSTRUCTION NO. \_\_\_\_\_

If you decide in favor of the plaintiff, you must then decide how much money, if any, will fairly compensate the plaintiff. I will list for you the items of loss claimed by the plaintiff. You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss. For each item of loss you must decide that it is more likely true than not true that:

1.   the plaintiff had such a loss or is reasonably probable to have such a loss in the future, and

2.   the loss was legally caused by the conduct of the defendant.

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate the plaintiff for that item of loss. If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss. You should add up any awards for all items and record the sum on your verdict form.

The items of loss claimed by the plaintiff fall into four categories known as past economic losses, future economic losses, past non-economic losses and future non-economic losses. Medical expenses are known as economic losses. Pain and suffering, loss of enjoyment of life, and inconvenience are known as non-economic losses.

I will now explain how to measure each of these claimed items of loss.

Alaska Pattern Jury Instruction No. 20.01A

**JURY INSTRUCTION NO. _____**

The (first, second, etc.) item of economic loss claimed by the plaintiff is the value of (work time) (earnings) (profits) (salaries) lost by the plaintiff from the (insert date of the accident) to (insert date of trial). To calculate this amount, you must deduct federal [and state] income taxes that would have been paid.

Alaska Pattern Jury Instruction No. 20.03

## JURY INSTRUCTION NO. _____

The (first, second, etc.) item of economic loss claimed is the reduction in the ability of the plaintiff to earn money in the future.

You may award the plaintiff a fair amount for any reduction in future ability to earn money that she is reasonably probable to experience.

To calculate this amount, you must determine the difference between the plaintiff's ability to earn money before the injury and her ability to earn money after the injury. To do this you may consider the plaintiff's health, physical and mental abilities; her work habits and occupation before the accident; the nature and extent of her injuries; and how long and to what extent her injuries will affect her earning ability in the future. Your calculation of the plaintiff's ability to earn money before the injury must be based on the plaintiff's life expectancy before the injury occurred.

To decide the plaintiff's earning ability, both before and after the injury, you may consider the wages she earned before and after the injury and any reasonably probable increases in those wages due to promotions or automatic step increases. You must not make any deduction for any future income taxes, and you must not consider any pay increases due to increases in the cost of living.

Alaska Pattern Jury Instruction No. 20.04

**JURY INSTRUCTION NO. _____**

The item of loss claimed by the plaintiff is for non-economic losses.  You may award the plaintiff a fair amount to compensate the plaintiff for pain and suffering, loss of enjoyment of life, and inconvenience resulting from the injury.  Such an award should fairly compensate the plaintiff for the non-economic losses she has experienced from the date of the injury until the date of trial and for non-economic losses that she is reasonably probable to experience in the future.  In deciding how long the plaintiff may experience such losses in the future, you may need to consider her current life expectancy.

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses.  You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

Alaska Pattern Jury Instruction No. 20.06

**JURY INSTRUCTION NO. \_\_\_\_\_**


As I have instructed you, you may decide it is reasonably probable that the plaintiff will have some future [non-economic] losses resulting from the accident. In fixing an amount for future [non-economic] losses, you must disregard the fact that any amount you award the plaintiff may be paid before the actual loss occurs. You must also disregard the fact that the value of money may change over time.



Alaska Pattern Jury Instruction No. 20.10

**JURY INSTRUCTION NO.** _____


In Alaska, a landowner or owner of other property must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all of the circumstances including the likelihood of injury to others the seriousness of the risk of injury and the burden on the respective parties in avoiding risk.


Webb v. City & Borough of Sitka, 561 P.2d 731 (Alaska 1977)

**JURY INSTRUCTION NO. _____**

The plaintiff is not entitled to be paid for any loss or for part of any loss she could have avoided with reasonable efforts and without undue risk, hardship or embarrassment, even though the loss originally resulted from an act or omission for which the defendant is legally responsible.  If you decide that it is more likely true than not true that plaintiff could have avoided any loss or part of any loss with reasonable efforts and without undue risk, hardship or embarrassment, you may not require the defendant to pay the amount plaintiff could have reasonably avoided.

[In these instructions I have asked you to decide in two separate contexts whether the plaintiff's actions were reasonable and I want to make sure you understand the difference.  Earlier I told you how to decide whether the plaintiff's negligence with the negligence, if any, of the defendant.  Now I am asking you to decide whether after the loss occurred, the plaintiff failed to use reasonable efforts to minimize or avoid the loss.  If you decide she did, then you may not compensate for the loss which could have been reasonably avoided.]

## JURY INSTRUCTION NO. _____

A person who has a condition or disability at the time of an injury is not entitled to recover damages therefor. However, he is entitled to recover damages for an aggravation of such pre-existing condition or disability proximately resulting from the injury.

This is true even if the person's condition or disability made him more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury. In other words, the law provides that a defendant takes the plaintiff as he finds him.

Where a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional damages caused by the aggravation.

LaMoureaux v. Totem Ocean Trailer Exp., Inc., 632 P.2d 539 (Alaska 1981)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PAMELA ESTES,                    )
                                 )
              Plaintiff,         )
                                 )
       v.                        )
                                 )
WAL-MART STORES, INC.,           )
                                 )
              Defendant.         )   Case 3:06-cv-00082-TMB
                                 )
_____  )

## SPECIAL VERDICT FORM

We, the jury in the above entitled case, find the following special verdict submitted to us in the above captioned case.

1.  Was defendant, Wal-Mart negligent in maintaining the store wherein plaintiff, Pamela Estes was injured?

Answer "yes" or "no."  Answer: _____

If you answered the above question "no," do not answer any further questions.  Your foreperson should date and sign this verdict form.

However, if you answered "yes" to question number one, please answer question number two.

2.  Was the negligence of defendant, Wal-Mart, a legal cause of the injuries to plaintiff?

Answer "yes" or "no."  Answer: _____

If you answered the above question "no," do not answer any further questions. Your foreperson should date and sign this verdict.

However, if you answered "yes" to question number two, please answer question number three.

3.   What are the damages suffered by plaintiff, Pamela Estes, as a legal result of the accident?

    (a)   Past Economic Damages        $_____

    (b)   Past Non-Economic Damages   $_____
        Pain and Suffering, Loss of
        Enjoyment of Life, and
        Inconvenience

    (c)   Future Economic Damages     $_____

    (d)   Future Non-Economic Damages  $_____
        Pain and Suffering, Loss of
        Enjoyment of Life, and
        Inconvenience

4.   What percentage of comparative fault, if any, does plaintiff, Pamela Estes, share in this fall.

    Answer:_____