UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

PAMELA ESTES,
                Plaintiff,

                                                3:06-cv-0082 TMB

vs.

WAL-MART STORES, INC.,
                Defendant.

JURY INSTRUCTIONS

INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

INSTRUCTION NO. 3


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 4

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 5

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

INSTRUCTION NO. 6

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 7

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

INSTRUCTION NO. 8

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 9


The plaintiff, Pamela Estes, claims that she was harmed because of the negligence of the defendant, Wal-Mart Stores, Inc., and wants compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely true than not true:

1.    that defendant was negligent;

2.    that the negligence was a legal cause of the plaintiff's harm; and

3.    that the plaintiff was actually harmed.

I will later define negligence and legal cause for you.

INSTRUCTION NO. 10

The defendant claims that the plaintiff's harm resulted, in whole or in part, from the plaintiff's own negligence.

In order to find that plaintiff was comparatively negligent, you must decide that it is more likely true than not true:

(1)     that the plaintiff was negligent; and

(2)     that the negligence was a legal cause of plaintiff's harm.

Instructions on the verdict form will tell you what to do if you decide that both the defendant and the plaintiff were negligent.

INSTRUCTION NO. 11

I will now define negligence for you.  Negligence is the failure to use reasonable care.  Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances.  Negligence may consist of doing something which a reasonably prudent person would not do, or it may consist of failing to do something which a reasonably prudent person would do.  A reasonably prudent person is not the exceptionally cautious or skillful individual, but a person of reasonable and ordinary carefulness.

In this case, you must decide whether the defendant used reasonable care under the circumstances.

INSTRUCTION NO. 12

In Alaska, a landowner or owner of other property must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all of the circumstances including the likelihood of injury to others the seriousness of the risk of injury and the burden on the respective parties in avoiding risk.

INSTRUCTION NO. 13

I will now define "legal cause" for you.  A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm.  An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

(1)    the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

(2)    the harm would not have occurred but for the act or failure to act.

INSTRUCTION NO. 14

If you decide in favor of the plaintiff, you must then decide how much money, if any, will fairly compensate the plaintiff.  I will list for you the items of loss claimed by the plaintiff.  You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss.  For each item of loss you must decide that it is more likely true than not true that:

1.     the plaintiff had such a loss or is reasonably probable to have such a loss in the future, and

2.     the loss was legally caused by the conduct of the defendant.

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate the plaintiff for that item of loss.  If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss. You should add up any awards for all items and record the sum on your verdict form.

The items of loss claimed by the plaintiff fall into four categories known as past economic losses, future economic losses, past non-economic losses and future non-economic losses.  Medical expenses are known as economic losses. Pain and suffering, loss of enjoyment of life, and inconvenience are known as non-economic losses.

I will now explain how to measure each of these claimed items of loss.

INSTRUCTION NO. 15

The first item of economic loss claimed by the plaintiff is the value of earnings, profits and salaries lost by the plaintiff from November 26, 2004 to June 6, 2007.  To calculate this amount, you must deduct federal income taxes that would have been paid.

INSTRUCTION NO. 16

The second item of economic loss claimed is the reduction in the ability of the plaintiff to earn money in the future.

You may award the plaintiff a fair amount for any reduction in future ability to earn money that she is reasonably probable to experience.

To calculate this amount, you must determine the difference between the plaintiff's ability to earn money before the injury and her ability to earn money after the injury.  To do this you may consider the plaintiff's health, physical and mental abilities; her work habits and occupation before the accident; the nature and extent of her injuries; and how long and to what extent her injuries will affect her earning ability in the future.  Your calculation of the plaintiff's ability to earn money before the injury must be based on the plaintiff's life expectancy before the injury occurred.

To decide the plaintiff's earning ability, both before and after the injury, you may consider the wages she earned before and after the injury and any reasonably probable increases in those wages due to promotions or automatic step increases.  You must not make any deduction for any future income taxes, and you must not consider any pay increases due to increases in the cost of living.

INSTRUCTION NO. 17

The item of loss claimed by the plaintiff is for non-economic losses.  You may award the plaintiff a fair amount to compensate the plaintiff for pain and suffering, loss of enjoyment of life, and inconvenience resulting from the injury.  Such an award should fairly compensate the plaintiff for the non-economic losses she has experienced from the date of the injury until the date of trial and for non-economic losses that she is reasonably probable to experience in the future.  In deciding how long the plaintiff may experience such losses in the future, you may need to consider her current life expectancy.

The law does not establish a definite standard for deciding the amount of compensation for non-economic losses, and the law does not require that any witness testify as to the dollar value of non-economic losses.  You must exercise your reasonable judgment to decide a fair amount in light of the evidence and your experience.

INSTRUCTION NO. 18

As I have instructed you, you may decide it is reasonably probable that the plaintiff will have some future non-economic losses resulting from the accident. In fixing an amount for future non-economic losses, you must disregard the fact that any amount you award the plaintiff may be paid before the actual loss occurs. You must also disregard the fact that the value of money may change over time.

INSTRUCTION NO. 19

A person who has a condition or disability at the time of an injury is not entitled to recover damages therefor.  However, he is entitled to recover damages for an aggravation of such pre-existing condition or disability proximately resulting from the injury.

This is true even if the person's condition or disability made him more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.  In other words, the law provides that a defendant takes the plaintiff as he finds him.

Where a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional damages caused by the aggravation.

INSTRUCTION NO. 20


The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

INSTRUCTION NO. 21

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 22

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

INSTRUCTION NO. 23


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


Dated this 7 day of June, 2007.

REDACTED SIGNATURE

Hon. Timothy M. Burgess
U.S. District Judge